UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| FELIPE GARCIA, | ) | Civil No.07cv1869 JAH (PCL) |
|---|---|---|
| Petitioner, | ) | **ORDER OVERRULING PETITIONER'S OBJECTIONS; ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; DENYING PETITION FOR WRIT OF HABEAS CORPUS IN ITS ENTIRETY; AND DENYING A CERTIFICATE OF APPEALABILITY** |
| v. | ) | |
| R.J. SUBIA, Warden, | ) | |
| Respondent. | ) | |

## INTRODUCTION

Petitioner Felipe Garcia ("Garcia" or "petitioner"), a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in state court following a jury trial. After the petition was fully briefed by the parties, the Honorable Peter C. Lewis, United States Magistrate Judge, issued a report and recommendation ("report") recommending that the petition be denied in its entirety. Petitioner filed objections to the report. After careful consideration of the entire record in this matter, and for the reasons set forth below, this Court **ADOPTS** the report and recommendation, **DENIES** the petition in its entirety, and **DENIES** a certificate of appealability.

//
//
//

# BACKGROUND

## 1. Factual Background

The magistrate judge, in the report, detailed the factual history of this case as presented by the state court in its denial of petitioner's writ of habeas corpus, correctly noting that the state court's factual determinations are presumed correct absent clear and convincing evidence rebutting the presumption.[1] *See* Doc. # 16 at 2 (citing 28 U.S.C. § 2254(e)(1)). The facts presented in the report are as follows:

> The prosecution's evidence at trial established that in January 2002, while Garcia was in Fidel Mora's apartment with Mora, Marcos Garcia (Marcos) and Macio Watts, Garcia pulled out a gun and ordered Marcos to tie up Watts with a lamp cord. Garcia then took Watts's car keys and drove off in Watts's car. Before leaving, Garcia took the phone from the apartment and threatened to hurt anyone who called the police. Watts later recovered his car with several items missing from it. Mora, Marcos and Watts testified at trial and identified Garcia as the perpetrator. The jury convicted Garcia of carjacking and first degree robbery.

Id. (quoting Supp. Lodgment 8 at 2-3). An earlier jury had already found petitioner guilty of similar charges during proceedings conducted prior to the appeal at issue here. Id. Petitioner's trial was originally set to begin on August 12, 2002, but petitioner submitted a letter to the trial court seeking to represent himself at trial. Id. Petitioner also filed a motion to disqualify the judge, which was granted. Id. The trial began on September 10, 2002, despite the fact that petitioner's request to represent himself was never ruled upon. Id. Petitioner was convicted and subsequently sentenced to twenty-two years in prison. Id.

Petitioner appealed his conviction and sentence to the California Court of Appeal based on his unresolved request to represent himself at trial. Id. The Court of Appeal reversed the judgment, remanding the case back to the trial court "'for a hearing on whether Garcia is competent to represent himself and knowingly wishes to do so.'" Id.

---

[1] Petitioner contends, in his objections to the magistrate judge's report, that the factual background presented by the magistrate judge is "incorrect" because it is missing certain facts. *See* Doc. # 17 at 2-12. For the most part, petitioner's "missing" facts are not relevant to the issues presented here and will not be discussed. However, any "missing" facts that pertain to the issues presented will be discussed *infra*. Petitioner does appear to agree that the factual background presented by the magistrate judge and the California Court of Appeal sufficiently provides a general summary of the case. *See* id. at 2.

1  (quoting Supp. Lodgment 8 at 6). The Court of Appeal further instructed that "'[i]f the
2  court finds [Garcia] is competent to represent himself, it shall hold a new trial. If the
3  court finds [he] is not competent to represent himself or knowingly chooses not to do so,
4  the jury verdict and sentence will take effect.'" Id.

5  Petitioner chose to represent himself at his new trial and was assisted by a privately
6  retained co-counsel. Id. at 3. After a jury was impaneled and just prior to the start of trial
7  proceedings, petitioner was assaulted in jail, suffering serious injuries that included a
8  shattered jaw, a broken collar bone, along with injury to his back and eyes. Id. Petitioner
9  claimed that the injuries impaired his memory and ability to focus. Id. Due to these
10 injuries, the jury panel was dismissed and the trial date was continued. Id. The trial court
11 subsequently held two lengthy hearings in order to determine whether petitioner would
12 continue to represent himself in light of the injuries. Id.

13 The Court of Appeal found the trial court, during these hearings, "made it
14 unequivocally clear that it was Garcia's choice whether to represent himself at trial" based
15 on the fact that it was clear "[t]he trial court viewed Garcia's recent injuries as a *new*
16 circumstance to be dealt with by giving Garcia the right to elect whether to continue with
17 self-representation." Id. (quoting Supp. Lodgment 8 at 3-4). Thereafter, petitioner chose
18 to continue to represent himself at trial.

19 Petitioner was dressed in civilian clothes and not restrained during trial. Id. Prior
20 to petitioner's injuries, the trial court asked petitioner whether he would like the court to
21 instruct the jury to not draw inferences regarding petitioner's custodial status since there
22 was a possibility the jurors might glimpse petitioner while he was being transported to and
23 from court. Id. Petitioner declined such an instruction. After the trial resumed, the issue
24 was again addressed by the court but petitioner did not request an instruction at that time
25 either. Id. During trial, petitioner pointed out to the court that jurors had seen him in
26 shackles on two separate occasions but did not request an instruction regarding his
27 custodial status in response to these incidents. Id.
28 //

The jury ultimately found petitioner guilty of carjacking and robbery and petitioner was sentenced to prison for eighteen years. Id. at 4. The magistrate judge also noted that petitioner raised concerns regarding "problems with the deputy sheriffs" at his sentencing hearing. Id.

**2.     Procedural History**

Petitioner appealed his convictions to the California Court of Appeal. The Court of Appeal affirmed the convictions on August 31, 2006. Petitioner then filed two separate petitions for review before the California Supreme Court, which were denied on November 15, 2006, without comment.

The instant petition was filed on September 24, 2007. Respondent, on November 6, 2007, filed a motion to dismiss on exhaustion grounds, based on petitioner's inclusion of two additional claims not presented to the California Supreme Court for its review. *See* Doc. # 6. Petitioner, in response to the motion, requested to abandon his new claims, thus rendering the motion to dismiss moot. *See* Doc. # 7. The motion was subsequently denied as recommended by the magistrate judge and petitioner's two unexhausted claims were dismissed. *See* Docs. # 8, 9.

Respondent then filed an answer to the petition on August 11, 2008. The magistrate judge's report was filed on December 18, 2008. Petitioner timely filed his objections to the magistrate judge's report.

**DISCUSSION**

**1.     Legal Standard**

**a.     Scope of Review**

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." Id.

//

2.   **Analysis**

Petitioner claims, in the instant petition, that (a) his due process rights were violated (1) when members of the jury saw petitioner shackled in the courthouse; (2) when the trial failed to *sua sponte* instruct the jury regarding petitioner's custodial status; (b) his right to self-representation was violated (1) when he was "forced" to represent himself on remand due to the wording of the Court of Appeal's decision; and (2) through reference to the sheriff's deputy in charge of *pro per* inmates during his trial. The magistrate judge determined that each of petitioner's claims lacked merit.

    a.   **Due Process**

Petitioner first argues trial error resulted in a due process violation. A harmless error analysis is applied to determine whether due process was violated. *See* Brecht v. Abrahamson, 507 U.S. 619, 629 (1993). "[T]he standard for determining whether habeas relief must be granted is whether the ... error 'had substantial and injurious effect or influence in determining the jury's verdict.'" Brecht, 507 U.S. at 623, 637. The magistrate judge correctly points out, and petitioner agrees, that petitioner is only entitled to habeas relief if he establishes prejudice. Doc. # 16 at 6-7 (citing Cal. v. Roy, 519 U.S. 2, 5-6 (1996)); Doc. # 17 at 14-15.

        1.   **Shackles**

The magistrate judge found that petitioner's claim concerning being viewed by the jury when shackled on two occasions did not prejudice petitioner because neither of the instances at issue occurred in the courtroom or during any phase of the trial, the bailiff made extra efforts to minimize the visibility of petitioner's restraints and petitioner never made any affirmative requests concerning the incidents other than announcing the incidents in open court. Doc. # 16 at 8. In addition, the magistrate judge disagreed with petitioner's claim that the trial court erred by not considering reasonably available alternatives. Id. at 8-9. Petitioner disagrees with these findings. *See* Doc. # 17 at 14-25. Although petitioner appears to present specific objections to the magistrate judge's findings and conclusions, this Court's careful review of the record reveals that petitioner

simply reiterates in his objections the same arguments he made previously in support of his claim. Despite the lengthy discussion presented by petitioner, this Court finds petitioner presents no specific objections to the report's findings and conclusions but, instead, rehashes and reiterates the same arguments he presented in his petition. *See* id.; *compare* Doc. # 28-4 at 29-33. Thus, only general objections to the report have been presented by petitioner. As such, this Court may adopt the magistrate judge's findings and conclusions regarding this claim, provided they are not clearly erroneous. *See* Thomas, 474 U.S. at 153. This Court, after a careful review of the record, finds that the magistrate judge presented a cogent analysis of the issues presented in petitioner's claim. This Court agrees with the magistrate judge's assessment that petitioner was not prejudiced by the brief viewing by the jury of petitioner in shackles on two occasions outside the courtroom based on the location of the viewing, the bailiff's attempt to minimize the view, and petitioner's lack of objection to the incidents at the time. Therefore, this Court finds the magistrate judge's findings and conclusions were not clearly erroneous as to this claim. Accordingly, this Court overrules petitioner's general objections to the magistrate judge's findings regarding this claim and adopts the magistrate judge's findings and conclusions in full.

### 2. *Sua Sponte* Jury Instruction

The magistrate judge next found petitioner's claim that the trial court should have *sua sponte* instructed the jury using a cautionary instruction about physical restraints used on a defendant lacked merit. *See* Doc. # 16 at 9-10. The magistrate judge explained that California law does not require such a *sua sponte* instruction where, as here, the defendant is viewed in restraints while transported through the courthouse. Id. at 9 (citing People v. Jacobs, 210 Cal.App.3d 1135, 1140 (1989)). Because there is no dispute petitioner did not request an instruction and California law does not require a *sua sponte* instruction, the magistrate judge determined there was no trial error and thus no due process violation. Id. at 10. Petitioner presents no objection to these findings and this Court agrees with the findings and conclusions made by the magistrate judge. Therefore, this Court adopts the

magistrate judge's finding and conclusions regarding this claim *in toto*.

### b. Self-Representation

Petitioner presents two claims that arise from his self-representation at trial: (1) the Court of Appeal's decision requiring him to represent himself at his new trial amounted to coercion; and (2) the Sheriff's Deputy in charge of *pro per* inmates interfered with petitioner's rights to self-representation.

#### 1. The Court of Appeal's Decision

Petitioner claims that the decision rendered by the Court of Appeals "coerced Petitioner to continue representing himself" on remand after he was assaulted in jail prior to the competency hearing. Doc. # 1 at 18. Petitioner explains that the Court of Appeals' order on remand, directing that petitioner would be granted a new trial if he represents himself or the prior verdict and sentence will stand if petitioner is deemed incompetent or chooses not to represent himself, "force[d] Petitioner to continue to self-represent if he wanted a new trial" even though he was injured. Lodgment 2 at 3. The magistrate judge pointed out that the trial court held two hearings in order to determine petitioner's competency after which the trial court informed petitioner he could retain counsel but petitioner chose to continue to represent himself. Doc. # 16 at 12 (citing Supp. Lodgment 2, 1 RT at 6-11; 2 RT at 69, 98).

The magistrate judge construed petitioner's coercion argument as contending his waiver of counsel at the second trial was involuntary, that is, not knowingly and intelligently made, in violation of Faretta v. California, 422 U.S. 806 (1975). Id. Based on that construction, the magistrate judge found the record clearly reflected the trial court "was careful to make Petitioner aware of the repercussions of representing himself at trial" and "made more than several mentions of the fact that Petitioner was not required to adhere to his pro per status to obtain a retrial." Id. at 13. Thus, based on these findings, the magistrate judge determined petitioner's decision to represent himself was made knowingly and voluntarily. Id. at 14. The magistrate judge further found that "[t]here is nothing in the record indicating Petitioner was forced to represent himself by the

instruction of the Court of Appeal when the trial court clearly explained to him that under the changed circumstances, he was not only entitled to a new trial but to counsel if he chose to retain such." Id.

Petitioner objects to the magistrate judge's findings and conclusions as to this claim. *See* Doc. # 17 at 26-32. Although petitioner appears to present new arguments in support of his claim, this Court's review of petitioner's objections reveals that petitioner, again, presents the same arguments made previously in his petition, albeit worded differently. *See* id.; *compare* Doc. # 1 at 21-29. Thus, petitioner presents only general objections to the magistrate judge's decision on this claim. As such, this Court may adopt the magistrate judge's findings and conclusions regarding this claim, provided they are not clearly erroneous. Thomas, 474 U.S. at 153. This Court, after a careful review of the record, finds that the magistrate judge presented a cogent analysis of petitioner's coercion claim in regards to self-representation. Therefore, this Court finds the magistrate judge's findings and conclusions were not clearly erroneous. Accordingly, this Court overrules petitioner's general objections to the magistrate judge's findings regarding this claim and adopts the magistrate judge's findings and conclusions in full.

## 2. Sheriff's Deputy in Charge of *Pro Per* Inmates

Petitioner's final claim alleges the Sheriff's Deputy in charge of *pro per* inmates at the San Diego County jail committed acts which petitioner claims "hindered and denied [him] any opportunity to prepare an adequate defense in preparation for trial." Doc. # 1 at 30-31. Petitioner asserts that he was moved several times during the trial, his cell was searched, a legal runner was not allowed to visit petitioner in jail, and petitioner was placed in ankle and waist restraints on the date of sentencing. Id. at 34-35. The magistrate judge found these incidents to be "consistent with normal operations of corrections facilities" and noted petitioner presents "no authority which indicates any of these actions were either unlawful or prejudiced his defense in any way." Doc. # 16 at 15. In addition, the magistrate judge noted that, despite the difficulties alleged, petitioner "appeared familiar with court proceedings and represented himself competently and

reasonably well." Id. (citing Supp. Lodgment 2, Vols. 7-15). The magistrate judge further observed that the Court of Appeals concluded the claim lacked merit because "'the record ... shows [petitioner] extensively participated in all phases of the proceedings and, when necessary and appropriate, was accommodated by the trial court when difficulties were posed by his status as an incarcerated defendant representing himself in pro per.'" Id. (quoting Supp. Lodgment 8 Opinion at 13). The magistrate judge agreed with the Court of Appeals, finding the claim lacked merit. Id.

Petitioner's objections to the magistrate judge's findings and conclusions regarding this claim are almost a verbatim recitation of the arguments and authority he presented in his petition in support of this claim. *See* Doc. # 17 at 33-37; *compare* Doc. # 1 at 31-44. Again this Court is faced with only general objections to the magistrate judge's decision on this claim and, as such, this Court may adopt the magistrate judge's findings and conclusions provided they are not clearly erroneous. Thomas, 474 U.S. at 153. This Court, after a careful review of the record, finds that the magistrate judge presented a cogent analysis of petitioner's interference claim in regards to self-representation. Therefore, this Court finds the magistrate judge's findings and conclusions were not clearly erroneous. Accordingly, this Court overrules petitioner's general objections to the magistrate judge's findings regarding this claim and adopts the magistrate judge's findings and conclusions in full.

### c. Certificate of Appealability

Pursuant to Rule 11 of the Rules following 28 U.S.C. § 2254, which was amended effective December 1, 2009, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A state prisoner may not appeal the denial of a section 2254 habeas petition unless he obtains a certificate of appealability from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(A); *see also* United States v. Asrar, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates of appealability under AEDPA). A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial

of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold showing, petitioner must show that: (1) the issues are debatable among jurists of reason, (2) that a court could resolve the issues in a different manner, or (3) that the questions are adequate to deserve encouragement to proceed further. Lambright v. Stewart, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (citing Slack v. McDaniel, 529 U.S. 473 (2000); Barefoot v. Estelle, 463 U.S. 880 (1983)).

This Court must decide whether to grant petitioner a certificate of appealability because denial of the instant petition constitutes a "final order adverse to the applicant." Based on this Court's review of the report, this Court finds that no issues are debatable among jurists of reason. This Court further finds that no issues could be resolved in a different manner. Lastly, this Court finds that no questions are adequate to deserve encouragement to proceed further. Accordingly, this Court **DENIES** petitioner a certificate of appealability.

## CONCLUSION AND ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. The findings and conclusions of the magistrate judge presented in the report are **ADOPTED** in their entirety;
2. The claims presented in the instant petition is **DENIED** in full; and
3. The Clerk of Court shall enter judgment accordingly; and
4. Petitioner is **DENIED** a certificate of appealability

Dated:   March 28, 2011

_____
JOHN A. HOUSTON
United States District Judge